IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                          Criminal Case No. 2:22-CR-4 (RCY)

ANDREW THOMAS CLEARY,
        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Andrew Thomas Cleary's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Section 603(b) of the First Step Act ("Motion for Compassionate Release"), ECF No. 53, and the Government's Motion to Stay Order Regarding Defendant's Motion for Compassionate Release ("Motion to Stay"), ECF No. 56. For the reasons set forth below, the Court will deny the Motion for Stay and deny the Motion for Compassionate Release, without prejudice.

## I.  PROCEDURAL HISTORY

Defendant Andrew Thomas Cleary initiated post-conviction proceedings in January of 2024 by filing a *pro se* Motion to Reduce Sentence, ECF No. 40, seeking a sentence reduction based on recent amendments to the United States Sentencing Guidelines ("U.S.S.G."). The Court appointed counsel to independently review Cleary's eligibility for relief and to communicate with Cleary regarding the same. *See* ECF Nos. 41, 44, 45. After repeated requests for extension by counsel and representations that counsel had been unsuccessful in communicating with Cleary regarding the pending Motion to Reduce, the Court independently determined that Cleary was ineligible for a sentence reduction based on recent U.S.S.G. amendments and denied the Motion to Reduce Sentence, without prejudice. ECF No. 50. Subsequently, counsel filed a Motion for Compassionate Release on behalf of Cleary. ECF No. 53.

Because the filing of this Motion for Compassionate Release was beyond the scope of Cleary's original request for relief and accordingly beyond the scope of counsel's original appointment and the Court's related briefing order, the United States did not immediately respond to the Motion for Compassionate Release.  *See* Reply Supp. Gov't's Mot. Stay ("Reply") ¶ 5, ECF No. 59; Reply Ex. 1, ECF No. 59-1.  However, upon entry of the Court's Order retroactively extending counsel's appointment to include the filing of a motion pursuant to Section 603(b) of the First Step Act and setting a briefing schedule for the pending Motion for Compassionate Release, *see* ECF No. 54, the United States filed its Motion to Stay, ECF No. 56.

In its Motion to Stay, the United States flagged that Defendant Cleary had not exhausted his administrative remedies before the filing of the Motion for Compassionate Release.  Mot. Stay 2, n.1.  The Government asked the Court to stay further consideration of the Defendant's motion for compassionate release until the Defendant properly sought administrative relief and the Bureau of Prisons completed its administrative review of such request.  *Id.* at 5.  Counsel for Defendant Cleary, in response to the Government's Motion, "objects to the stay and asks that the Court decide the Motion on the documents previously submitted to the Court."  Resp. to Mot. Stay 1, ECF No. 58.  The Court will oblige, and thus it will deny the Motion for Stay and turn to consideration of the Motion for Compassionate Release.

## II.  ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for "extraordinary and compelling reasons"

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A)(i).  Only once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived may the Court reduce or modify a sentence, provided that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  As noted by the United States, § 3582's exhaustion requirement is a mandatory, non-jurisdictional claim-processing rule.  *United States v. Muhammad*, 16 F.4th 126, 130–31 (4th Cir. 2021).

## A.  The United States Did Not Waive an Administrative Exhaustion Argument

While Defendant is correct in general terms that failure to exhaust is an affirmative defense that may be waived, Defendant is incorrect that the United States has so waived the defense, here. The United States filed a timely response (i.e., the Motion for Stay) to the Motion for Compassionate Release once the Court formally extended defense counsel's representation to cover the filing of the Motion and directed the Government to so respond, and in that response the United States raised the Defendant's lack of administrative exhaustion.  The Court finds that such behavior is not akin to entirely failing to brief the issue before the district court and then raising it for the first time on appeal, which is the scenario in which the Fourth Circuit and other courts have routinely found the United States to have "forfeited [the] benefit" of the administrative exhaustion requirement.  *Id.* at 130 (citing *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020)).  As such, the Court concludes that the issue of administrative exhaustion is properly before the Court.

## B.  Cleary Did Not Exhaust His Administrative Remedies

Despite the Motion for Compassionate Release acknowledging that "this Court must determine three requirements for a § 3582(C)(1)(A) motion," and that those three requirements include "whether [the defendant] has satisfied § 3582(C)(1)(A)'s non jurisdictional 30-day exhaustion provision," Mot. Comp. Rel. 5, Cleary makes no such showing.  And though Cleary baldly asserts that "all three requirements are met and he is entitled to relief," *id.*, the remainder of

his brief is dedicated to arguing that extraordinary and compelling reasons exist to grant him compassionate release, and that the § 3553(a) factors further support such relief. *Id*. at 6–15. Moreover, the United States proffers in its Motion to Stay that Cleary has never presented his request for release to the warden of his facility, or to any previous facility. Mot. Stay 2; *id*. at 2, n.1.

In response, Defendant argues that it is the Government's burden to prove that Defendant was informed of the availability of the administrative process, and that such process was actually available to Defendant. Defendant relies on a Seventh Circuit case, *Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016), for these propositions. The Court, however, agrees with the Government that (1) the relevant statute, 18 U.S.C. § 3582(c)(1)(A), imposes no such requirements, and (2) that the Court can impute knowledge of the administrative exhaustion requirement to Defendant given that it is cited (and claimed to have been satisfied) in the present Motion for Compassionate Release. *See* Reply ¶ 10; Mot. Comp. Rel. 5.

Based on the foregoing, the Court finds that Defendant was aware of the need to satisfy the administrative exhaustion requirement of § 3582(c)(1)(A) but failed to do so. And while staying the action to allow Defendant to so exhaust would be one avenue to address this deficiency, in light of Defendant's objection to such a procedure and his request that the Court simply "decide the Motion on the documents previously submitted to the Court," Resp. to Mot. Stay 1, the Court will instead deny the Motion for Compassionate Release for failure to exhaust administrative remedies.

### III. CONCLUSION

Because the Court finds that Cleary has not satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i), and in light of Cleary's opposition to the

4

Government's proposed mechanism of staying the present action to allow for such exhaustion, the Court will deny the Motion to Stay and deny Cleary's Motion for Compassionate Release, without prejudice.

      An appropriate order will issue.

_____ /s/

Roderick C. Young

United States District Judge

Date:  January 22, 2025

Richmond, Virginia